## C. B. Holstead v. The State.

### No. 7650.   Decided November 14, 1923.

#### 1.—Aggravated Assault—Argument of Counsel.

Where the county attorney, in speaking of the defendant, said that the defendant was a low-down brute and had not told the truth, to which an exception was reserved at the time and a requested charge presented, asking that the language be withdrawn, which was refused, the same is reversible error; the argument being obviously in the nature of a direct statement of fact and upon an issue upon which the testimony of defendant and the county attorney were in conflict.

#### 2.—Same—Requested Charge.

The fact that defendant had been giving the officers trouble was not admissible in evidence, and being before the jury it should have been limited or withdrawn by requested charge.

#### 3.—Same—Intent to Injure—Requested Charge.

Where the defensive theory was that defendant did not intend to injure the prosecutrix, and was rightfully endeavoring to eject her from his premises, and used no more force than was necessary, a requested charge thereon should have been submitted.

Appeal from the County Court of Orange.   Tried below before the Honorable Ed. S. McCarver.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.00.

. The opinion states the case.

*Dies, Stephens & Dies* for appellant.   Cited, Ware v. State, 7 S. W. Rep., 240; Floyd v. State, 15 id., 819; Miller v. State, 150 id., 635; Nobles v. State, 200 id., 1090; Curr v. State, 204 id., 107.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The offense is aggravated assault; punishment fixed at a fine of twenty-five dollars.

The prosecutrix, Mrs. Wilson, entered the automobile establishment of the appellant for the purpose of selling hosiery.   While there she engaged in indelicate conversations with men who were present, drank liquor and became intoxicated.   Upon the advice of the appellant, she went to her room in the hotel which was above his place of business.   She later returned and became intoxicated and boisterous. Appellant asked her to leave the premises, and according to her testimony, he asked her to leave by way of the back door, but she refused to do so.   From the testimony of others present, appellant endeavored

to get her to go out the front door. When she refused, he put her out the back door. She said that he tore her sleeve and that she had bruises on her arm, though she could not say that he struck her. Others present testified to the fact that in putting her out, he used only such force as was necessary to eject her.

While on the witness-stand, the county attorney developed from the appellant the fact that they had conversed in the office of the county attorney about "these cases." Appellant said that he did not offer to plead guilty to one if the others were dismissed, but that such proposal was made to him at the time. The county attorney went upon the stand and contradicted this statement.

In argument, the county attorney, speaking of the appellant, used this language: "The defendant is a low-down brute and has not told the truth."

Exception was reserved to this argument at the time and a special charge was presented asking that it be withdrawn. This was refused. The court verbally told the jury, in substance, that "counsel will sometimes become enthused and use expressions that should not be used and should not be considered by you. This kind of argument is improper and counsel should not engage in it." Exception was reserved to this verbal admonition because it was general and was not sufficient to obviate the necessity of giving the special charge requested. The argument was obviously in the nature of a direct statement of facts and upon an issue upon which the testimony of appellant and the county attorney was in conflict. The argument should not have been made. The special charge should have been given.

While the chief of police, as a State's witness, was under direct examination, he said that the appellant had "given us officers a lot of trouble." This apparently was in direct response to a question propounded by State's counsel.

Appellant presented a special charge directing the jury to disregard the statement. This charge was refused. It should have been given to the jury. The fact that appellant had been giving the officers trouble was not admissible, and being before the jury, it should have been limited or withdrawn by the special charge. The character of the accused was not an issue upon which the State could legally take the initiative.

A special charge was also requested submitting appellant's defensive theory, namely, that he was without intent to injure the prosecutrix, Mrs. Wilson, and was rightfully endeavoring to eject her from his premises, and that in doing so he used no more force than was necessary to accomplish that design. This is not the language but the substance of the charge. On another trial, it should be given.

Because of the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*